ANDREW J. JARAMILLO, Bar No. 198303
STEVEN K. GANOTIS, Bar No. 234252
ajj@paynefears.com
skg@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
HOME DEPOT U.S.A., INC.(erroneously sued as THE HOME DEPOT)

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HITT,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50,<br><br>Defendants. | CASE NO. C 07 3485<br>(Santa Clara County Superior Court Case No. 107CV-086760)<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UDER 28 U.S.C. SECTIONS 1332 AND 1441(b)** |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF BARBARA HITT AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home Depot") removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California on the following grounds:

---

PETITION AND NOTICE OF REMOVAL                                                      Case No.

## JURISDICTION

1. This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). Defendant Home Depot is a Delaware corporation with its principal places of business in Atlanta, Georgia. As set forth below, individual defendants George Davidson and Virginia Burn (erroneously sued as "Ginny Lnu" and referred to in the body of Plaintiff's complaint as "Ginny Burns") are "sham" defendants. Home Depot is informed and believes that Plaintiff Barbara Hitt (hereinafter "Plaintiff") resides in the State of California. Accordingly, Home Depot seeks to remove this action as detailed below.

## INTRADISTRICT ASSIGNMENT

2. This matter should be assigned to the San Jose Division of the United States District Court for the Northern District of California because a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County. Civil L.R. 3-2(c), (d).

## THE STATE COURT ACTION

3. On or about May 29, 2007, Plaintiff filed an action against Home Depot entitled "BARBARA HITT, Plaintiff vs. THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50, Defendants" in the Santa Clara County Superior Court, Case Number 107CV-086760 (the "State Court Action"). On or about June 8, 2007, Home Depot first learned of the State Court Action when its legal department received notification from Corporation Service Company ("CSC") that it had accepted personal service of the Complaint on Home Depot's behalf. A true and correct copy of the Complaint is attached as Exhibit "A" hereto.

PETITION AND NOTICE OF REMOVAL                                                                                    Case No.

4.      On July 3, 2007, Home Depot timely filed and served its Answer to Plaintiff's Complaint in the Santa Clara County Superior Court. A true and correct copy of Home Depot's Answer is attached as Exhibit "B" hereto.

5.      The documents attached hereto as Exhibits "A" through "B" constitute the pleadings, process and orders served upon or by Home Depot in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.      Home Depot is informed and believes that Plaintiff is a citizen of the State of California and was a citizen of the State of California at the time of the filing of the Complaint.

7.      Home Depot was incorporated in the State of Delaware.

8.      Home Depot's principal place of business is in the State of Georgia. Home Depot is one of the leading retailers in the home-improvement industry and operates warehouse-style stores throughout the United States. As a national corporation that conducts business in 49 of 50 states, Home Depot's business activities do not substantially predominate in a single state by virtue of doing more business in that state. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003)(denying motion to remand, holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business), and complete diversity of citizenship existed between it and plaintiff, a California citizen). Accordingly, Home Depot does not perform a "substantial predominance" of corporate operations in any single state. *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

Home Depot performs the vast majority of its executive and administrative functions at its corporate headquarters located in Atlanta, Georgia.

9. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Home Depot is (and was at the time of filing of the Complaint) a citizen of the States of Delaware and Georgia.

10. Individual defendants George Davidson and Ginny Burn (erroneously sued as "Ginny Lnu") are "sham" defendants because none of Plaintiff's claims is valid as against either individual. The only causes of action asserted against the individual defendants are two causes of action for "tortious discharge in violation of public policy," one cause of action for "failure to pay wages," and one cause of action for "waiting time penalties." However, there is no possibility that Plaintiff can prevail on any of these claims against the individual defendants. First, California law does not recognize any sort of "tortious discharge" cause of action against individual supervisors or co-workers who are not the plaintiff's employer. *Khajavi v. Feather River Anesthesia Medical Group*, 84 Cal. App. 4th 32, 38, 100 Cal. Rptr. 2d 627, 632 (2000) ("Only an employer can be liable for the tort of wrongful discharge of an employee"). Neither individual defendant was Plaintiff's employer. (Complaint ¶¶ 2-3.) Similarly, because neither individual defendant was Plaintiff's employer, neither individual defendant can be held liable for Plaintiff's remaining claims for unpaid wages and associated waiting time penalties. *See Reynolds v. Bement*, 36 Cal. 4th 1075, 1088-89, 32 Cal. Rptr. 3d 483, 492 (2005) (Under California law, individual employees cannot be held liable for unpaid overtime). Under similar circumstances, courts have upheld removal because the individual defendants that would otherwise destroy diversity jurisdiction were found to be "sham" defendants. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (finding that individual defendant supervisors accused of "wrongful termination" were "sham" defendants that did not destroy diversity jurisdiction).

11. Complete diversity among the parties exists because Plaintiff is a citizen of the State of California, Home Depot is a citizen of the States of Delaware and Georgia, and individual defendants Davidson and Burn are "sham" defendants.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

12. It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff asserts causes of action for "tortious discharge in violation of public policy" based upon her termination in November 2005 and seeks economic damages for lost past and future wages and benefits, damages for emotional distress, and punitive damages. In addition, Plaintiff asserts causes of action for unpaid wages and waiting time penalties. Finally, Plaintiff claims that she is entitled to recover attorney's fees and other penalties prescribed by the California Labor Code. Based upon the number of claims and the remedies that Plaintiff seeks, it is apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a) for diversity cases. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (Removal upheld in wrongful termination case where, despite the fact that the Complaint failed to specify damages sought, "lengthy list of compensatory and punitive damages" and claim for attorneys' fees made it facially apparent that amount in controversy exceeded $75,000).

## REMOVAL IS TIMELY

13. This action is being removed within 30 days of the point at which Home Depot was served with the "initial pleading" setting forth Plaintiff's claims for relief. 28 U.S.C. § 1446(b). Plaintiff's Complaint was served on June 8, 2007. Accordingly, Home Depot is removing this action in a timely manner.

## CONCLUSION

Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs, this Court has original jurisdiction over it, and Home Depot may remove it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b). Home Depot respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: July 5, 2007

PAYNE & FEARS LLP

By: _____
ANDREW J. JARAMILLO
STEVEN K. GANOTIS

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT)

360981.1