Gerald A. Emanuel (SBN 61049)
Jacquetta M. Lannan (SBN 247811)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

(ENDORSED)
FILED

MAY 29 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY Zenzen DEPUTY

Attorneys for Plaintiff
BARBARA HITT

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY

BARBARA HITT,

    Plaintiff,

vs.

THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50.

    Defendants.

No. 107CV-086760

COMPLAINT FOR DAMAGES ARISING FROM:
1. TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY, VIOLATION OF LABOR CODE SECTION 132(a),
2. TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY, VIOLATION OF LABOR CODE SECTION 6310,
3. FAILURE TO PAY WAGES
4. WAITING TIME PENALTIES;
DEMAND FOR JURY TRIAL

COMES NOW Plaintiff BARBARA HITT and complains against Defendants and each of them, and for causes of action alleges:

///

///

1

## GENERAL ALLEGATIONS

## ALLEGING JURISDICTION AND VENUE

1. Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant, THE HOME DEPOT ("HOME DEPOT") was a Delaware corporation, qualified to do business in the State of California and doing business in the County of Santa Clara.

2. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GEORGE DAVIDSON was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Manager, and at all times herein mentioned was acting within the course and scope of his employment.

3. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GINNY BURNS was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Human Resources Representative, and at all times herein mentioned was acting within the course and scope of her employment.

4. The acts alleged herein occurred in the County of Santa Clara, State of California.

5.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and herein alleges that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

6.      At all times herein mentioned and unless otherwise stated, each Defendant was a managing agent of Defendants and each of them was the agent and/or employee of each and every co-Defendant, and in the performing the things, acts or omissions, hereinafter more fully alleged, was acting within the scope, course and authority of said agency and/or employment.

7.      Each Defendant herein ratified, authorized, knew about or should have known about, and/or condoned the acts of each and every other Defendant.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8.      Defendant HOME DEPOT employed Plaintiff on or about April 28, 2001 until on or about November 6, 2005.

9.      Throughout most of her employment with HOME DEPOT, Plaintiff had the job title of "sales associate;" however she also had the role of safety coordinator for the store. This position is also known as "secret squirrel."

3

10. Plaintiff has always performed her job in a satisfactory manner and has received periodic raises. Plaintiff was initially paid at the rate of $10.00 per hour. Plaintiff received a series of raises during her tenure, and was earning $18.97 per hour at her termination.

11. Home Depot employees had the option of participating in community service projects throughout the year. Defendant GEORGE DAVIDSON required Plaintiff to volunteer for unpaid community service work in order to impress his supervisors. Plaintiff was required to do community service work approximately five times for eight hours, for a total of forty hours.

12. Defendant HOME DEPOT did not pay Plaintiff for the forty hours of employer required community service.

13. Throughout Plaintiff's employment, Defendant HOME DEPOT also required Plaintiff to take phone calls outside her schedule hours regarding safety related issues. Prior to Plaintiff's transfer to the Blossom Hill store, she was compensated two hours pay each time she received one of these calls. However, she was not paid for these phone calls during her time at the Blossom Hill store. Plaintiff received approximately three phone calls per week for approximately a year, totaling one hundred fifty six hours of unpaid work.

14. On or about October 2, 2004, one of Defendant HOME DEPOT's employees falsified a report claiming the store had conducted a fire

drill when in fact they had not. Plaintiff reported this to District Safety Manager, Christy Blue.

15. Plaintiff was reprimanded by Defendant GEORGE DAVIDSON for reporting this safety issue. Defendant DAVIDSON also forbid her from reporting outside the store to OSHA.

16. On or about August 25, 2005, Plaintiff, while in the process of performing her safety coordinator duties, was injured on the job when she suffered a chemical burn from a misplaced and unlabeled bucket containing a prohibited mixture of chemicals.

17. Due to the chemical burn, Plaintiff was off work for approximately a week and a half, until approximately September 5, 2005.

18. When Plaintiff returned to work on or about September 5, 2005, she found that the bleach bucket still had not been properly disposed of. She reported the incident to 3E Company, a health and safety compliance organization.

19. Defendant GEORGE DAVIDSON and other managers discouraged and pressured Plaintiff from reporting her injuries because they would get bonuses if there were no injuries on the job.

20. Defendant GEORGE DAVIDSON was visibly angry that Plaintiff reported the accident incident to 3E. On or about September 5, 2005, the day upon Plaintiff's return to employment, Plaintiff was demoted back to a

5

1  sales associate position and removed from the safety coordinator position
2  because she reported the safety violations.
3      21.    On or about October 25, 2005, Plaintiff suffered an
4  industrial injury resulting in namely a torn rotator cuff.
5      22.    On or about October 25, 2005, Plaintiff attempted to make
6  an "incident report" but Defendant GEORGE DAVIDSON reacted so angrily by
7  threatening Plaintiff with reprimand that Plaintiff agreed she would not go to
8  the doctor or file a report.
9      23.    Plaintiff was still upset and experiencing pain from the torn
10 rotator cuff. The interim store manager, Kirsten Roben, told Plaintiff to take a
11 few days off to recover.
12     24.    On or about November 6, 2005, Plaintiff did not report to
13 work because she believed she was authorized by Kirsten Roben to take the
14 vacations days.
15     25.    On or about November 6, 2005, Defendant GINNY BURNS
16 said that Ms. Roben did not have the authority to authorize Plaintiff's vacation
17 days. Then, Defendant GINNY BURNS terminated Plaintiff for job
18 abandonment. This termination was pretextual and the actual reason Plaintiff
19 was terminated was because she reported the company for safety violations
20 and for filing a workers compensation claim.
21
22

6

26. Plaintiff repeatedly received positive performance evaluations until reporting to the regional safety director that HOME DEPOT had not conducted the fire drill on or about October 2, 2004.

## FIRST CAUSE OF ACTION

### [TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY]

### (Violation of Labor Code Section 132(a))

As a first, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

27. Plaintiff hereby incorporates by reference Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

28. Labor Code Section 132(a) states that it is against the public policy of the State of California to terminate an employee for filing a worker's compensation claim or making known his or her intention to file a claim for worker's compensation.

29. After Plaintiff made known her intention to file a claim for industrial injuries occurring on or about October 25, 2005, Defendants discouraged and threatened her from going to the doctor or filing a claim.

30. Defendants then terminated Plaintiff's employment on November 6, 2005, in violation of public policy.

7

31. As a direct and proximate result of the conduct of these Defendants, and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits, and other special and general damages, all in an amount to be proven at trial.

32. In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights. Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294

## SECOND CAUSE OF ACTION

## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (Violation of Labor Code Section 6310)

As a second, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

33. Plaintiff hereby incorporates by reference Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

34. Labor Code §6310 states that "no person shall discharge or in any manner discriminate against any employee because the employee has

8

1  done any of the following: (1) Made any oral or written complaint to the
2  division, other governmental agencies having statutory responsibility for or
3  assisting the division with reference to employee safety or health, his or her
4  employer, or his or her representative.

5      35.    Labor Code §6310 further provides that "any employee who
6  is...demoted...or in any other manner discriminated against in the terms and
7  conditions of employment by his or her employer because the employee has
8  made a bona fide oral or written complaint to the division, other governmental
9  agencies having statutory responsibility for or assisting the division with
10 reference to employee safety or health, his or her employer, or his or her
11 representative, of unsafe working conditions, or work practices, in his or her
12 employment or place of employment...shall be entitled to reinstatement and
13 reimbursement for lost wages and work benefits caused by the acts of the
14 employer.

15     36.    Defendants discriminated against Plaintiff by demoting her
16 after she complained about the unsafe working condition of the hazardous
17 bleach bucket and the prior falsified fire drill.

18     37.    As a direct and proximate result of the conduct of these
19 Defendants, and each of them, Plaintiff has suffered emotional anguish and
20 distress, loss of income and benefits, and other special and general damages,
21 all in an amount to be proven at trial.
22

9

38. In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights. Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294.

## THIRD CAUSE OF ACTION

### [UNPAID WAGES]

As a third, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

39. Plaintiff hereby incorporates by reference Paragraphs 1 through 37 above as though set forth fully herein.

40. Labor Code Section 201 provides, in part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

41. Upon termination, Defendants and each of them owed and continue to owe Plaintiff wages in the amount of 196 hours times $18.97/hour for a total of $3718.12 for unpaid required volunteer work and unpaid business related phone calls.

## FOURTH CAUSE OF ACTION

### (WAITING TIME PENALTIES)

As a fourth, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

42. Plaintiff hereby incorporates by reference Paragraphs 1 through 40 above as though set forth fully herein.

43. Labor Code Section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

44. Because Defendants and each of them owed and continue to owe Plaintiff wages upon termination, Plaintiff is eligible to waiting time penalties in the amount of $6,070.40.

Wherefore, Plaintiff prays for relief as set forth below.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

11

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For wages and penalties pursuant to Labor Code Section 201 and 203;

3. For a money judgment for mental pain and anguish and emotional distress, according to proof;

4. For an award of exemplary and punitive damages, according to proof;

5. For costs of suit and attorney's fees;

6. For pre-judgment and post-judgment interest; and

7. For such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the issues.

Dated: 5/24, 2007

HINKLE, JACHIMOWICZ, POINTER & EMANUEL

GERALD A. EMANUEL
JACQUETTA M. LANNAN
Attorneys for Plaintiff
BARBARA HITT

12