PAYNE & FEARS LLP
Attorneys at Law
Andrew J. Jaramillo, Bar No. 198303
Steven K. Ganotis, Bar No. 234252
One Embarcadero Center, Suite 2300
San Francisco, California 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as "THE HOME DEPOT")

ENDORSED
2007 JUL -3 P 1: 10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| BARBARA HITT, <br><br> Plaintiff, <br><br> v. <br><br> THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50, <br><br> Defendants. | CASE NO. 107CV-086760 <br><br> **DEFENDANT HOME DEPOT U.S.A. INC.'S ANSWER TO COMPLAINT** <br><br> Date Action Filed: May 29, 2007 <br> Trial Date: None |

### I.

### GENERAL AND SPECIFIC DENIALS

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") denies, generally and specifically, each and every allegation contained in the Complaint for Damages filed by Plaintiff Barbara Hitt ("Plaintiff"). Home Depot further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or on the part of any agent or employee of Defendant.

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause of Action)

1. The Complaint and each cause of action purportedly contained therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Legitimate, Non-discriminatory Business Reason)

2. Plaintiff's causes of action are barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

### THIRD AFFIRMATIVE DEFENSE

(At-Will Employment)

3. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's employment was for no specific term and therefore terminable at will pursuant to Labor Code section 2922.

### FOURTH AFFIRMATIVE DEFENSE

(Good Faith Belief)

4. Plaintiff's causes of action are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the

facts as Defendant understood them.

### FIFTH AFFIRMATIVE DEFENSE
(Failure To Exercise Reasonable Skill)

5.  Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exercise a reasonable degree of skill in performing employment services for Defendant.

### SIXTH AFFIRMATIVE DEFENSE
(Bad Faith and Frivolous Action)

6.  The Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorney's fees, incurred in defending this action pursuant to California Civil Procedure Code Section 128.5.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure To Perform and Use Ordinary Care)

7.  Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to perform the services which Plaintiff agreed to perform for her employer and did not use ordinary care and diligence in carrying out those services for her employer.

### EIGHTH AFFIRMATIVE DEFENSE
(Statutes of Limitation)

8.  Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure section 335.1, section

337, subdivision (1), section 338, subdivision (a) and/or (d), section 339, subdivision (1), section 340, subdivision (c), and/or section 343; and California Labor Code section 203.

### NINTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

9. Plaintiff has failed to mitigate any damages allegedly caused to her by the acts in which Defendant allegedly engaged.

### TENTH AFFIRMATIVE DEFENSE

(No Tort Damages)

10. The Complaint, and each cause of action alleged therein, fails to allege sufficient facts to allow an award of tort damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

11. The doctrine of laches bars Plaintiff from asserting any claim for equitable relief or recovering under any of the alleged causes of action.

### TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

12. Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

13. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's course of conduct while in the employ of Defendant constituted a waiver of the claims asserted in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

14. Plaintiff's causes of action are barred, in whole or in part, because they rely upon allegations that are contrary to the explicit consent given by Plaintiff to the actions taken.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

15. Plaintiff's prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations or omissions of any Defendant or its agents.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Facts Alleged Insufficient To Support Claim for Punitive Damages)

16. Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that any Defendant engaged in oppressive, fraudulent or malicious conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Not Recoverable Against Corporate Defendant)

17. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint to the extent that the alleged acts were not committed by an officer, director or managing agent, nor were they authorized or ratified by an officer, director or managing agent, nor did defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights or safety of others.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Causation by Plaintiff)

18. Plaintiff's causes of action are barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by any Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Failure to Utilize Policy)

19. Plaintiff's causes of action are barred, in whole or in part, because Defendant, at all relevant times, exercised reasonable care to prevent and correct any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTIETH AFFIRMATIVE DEFENSE

(Exclusivity of Workers' Compensation Act)

20. Plaintiff's causes of action are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Managerial Privilege)

21. Plaintiff's causes of action are barred, in whole or in part, based on the doctrine of managerial privilege or managerial immunity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Estoppel)

22. Plaintiff is estopped, by reason of her conduct and actions, from asserting each and any of her alleged claims herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Uncertainty)

23. Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Penalties or Liquidated Damages)

24. Each claim for penalties or liquidated damages contained within the

1 Complaint is barred on the grounds that the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code. Consequently, Plaintiff is not entitled to penalties or liquidated damages, and the amounts of wages claimed by Plaintiff should be reduced accordingly.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff;
2. That the Complaint herein be dismissed in its entirety with prejudice;
3. That Defendant be awarded its costs of suit herein;
4. That Defendant be awarded reasonable attorneys' fees as determined by the Court; and
5. For such other and further relief as the Court may deem just and proper.

DATED: July 3, 2007

PAYNE & FEARS LLP

By: _____
ANDREW J. JARAMILLO
STEVEN K. GANOTIS

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as "THE HOME DEPOT")

361209.1

# PROOF OF SERVICE

Barbara Hitt v. The Home Depot



STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 3, 2007, I served the following document(s) described as ANSWER TO COMPLAINT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel                    Attorneys For Plaintiff Barbara Hitt
Jacquetta M. Lannon
HINKLE, JACHIMOWICZ, POINTER
& EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA  95128

[X]  **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

[ ]  **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ]  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ]  **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ]  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 3, 2007, at San Francisco, California.

DEBORAH L. HOPKINS

**PROOF OF SERVICE**

Barbara Hitt v. The Home Depot et al.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 5, 2007, I served the following document(s) described as PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel   Attorneys For Plaintiff
Jacquetta M. Lannan
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95126

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 5, 2007, at San Francisco, California.

*/s/ Deborah L. Hopkins*
DEBORAH L. HOPKINS