1  PAYNE & FEARS LLP
   Attorneys at Law
2  Andrew J. Jaramillo, Bar No. 198303
   Steven K. Ganotis, Bar No. 234252
3  One Embarcadero Center, Suite 2300
   San Francisco, CA 94111
4  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
5
6  Attorneys for Defendant
   HOME DEPOT U.S.A., INC. (erroneously sued as THE
7  HOME DEPOT)

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SANTA CLARA

10

11 BARBARA HITT,                          CASE NO. 107CV-086760

12          Plaintiff,                    **NOTICE TO CLERK OF THE SANTA
                                          CLARA COUNTY SUPERIOR COURT OF
13     v.                                 REMOVAL OF CIVIL ACTION TO
                                          UNITED STATES DISTRICT COURT FOR
14 THE HOME DEPOT, a Corporation,         THE NORTHERN DISTRICT OF
   GEORGE DAVIDSON, an individual,        CALIFORNIA**
15 GINNY LNU, and DOES 1-50,

16          Defendants.                   Date Action Filed: May 29, 2007
                                          Trial Date: None set
17

18

19

20

21        **TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF**

22 **SANTA CLARA:**

23

24        PLEASE TAKE NOTICE that on July 5, 2007, defendant Home Depot U.S.A., Inc.

25 (erroneously sued as "The Home Depot") filed in the United States District Court for the Northern

26 District of California their Petition and Notice of Removal of Civil Action. Copies of the Petition

27 and Notice and related documents are attached as Exhibit "A" for filing with the Santa Clara

28 County Superior Court.

---

NOTICE TO CLERK OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA                    Case No.

1    DATED:  July 5, 2007                    PAYNE & FEARS LLP

2

3                                            By: _____

4                                                 ANDREW J. JARAMILLO
                                                  STEVEN K. GANOTIS
5
                                             Attorneys for Defendant
6                                            HOME DEPOT U.S.A., INC. (erroneously sued as
                                             "The Home Depot")
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

2

1

2

# **INDEX OF EXHIBITS**

3     EXHIBIT "A":                    NOTICE OF REMOVAL OF CIVIL ACTION UNDER

4                                     28 U.S.C. §§ 1332 AND 1441(b)

5

6

7

8

9     361269.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

NOTICE TO CLERK OF REMOVAL OF ACTION TO U.S. DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA          Case No.

# EXHIBIT A

1   ANDREW J. JARAMILLO, Bar No. 198303
    STEVEN K. GANOTIS, Bar No. 234252
2   ajj@paynefears.com
    skg@paynefears.com
3   PAYNE & FEARS LLP
    Attorneys at Law
4   One Embarcadero Center, Suite 2300
    San Francisco, CA 94111
5   Telephone: (415) 398-7860
    Facsimile: (415) 398-7863
6
    Attorneys for Defendant
7   HOME DEPOT U.S.A., INC.(erroneously sued as THE
    HOME DEPOT)
8

9                  **UNITED STATES DISTRICT COURT**

10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**            **HRL**

11

12   BARBARA HITT,                         CASE NO.

13              Plaintiff,                  (Santa Clara County Superior Court Case No.
                                            107CV-086760)
14         v.
                                            **PETITION AND NOTICE OF REMOVAL**
15   THE HOME DEPOT, a Corporation,         **OF CIVIL ACTION UDER 28 U.S.C.**
     GEORGE DAVIDSON, an individual,        **SECTIONS 1332 AND 1441(b)**
16   GINNY LNU, and DOES 1-50,

17              Defendants.

18

19

20

21         TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22   DISTRICT OF CALIFORNIA AND TO PLAINTIFF BARBARA HITT AND HER COUNSEL

23   OF RECORD:

24

25         PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home

26   Depot") removes this action from the Superior Court of the State of California for the County of

27   Santa Clara to the United States District Court for the Northern District of California on the

28   following grounds:

─────────────────────────────────────────────
PETITION AND NOTICE OF REMOVAL                                    Case No.

1

2

### JURISDICTION

3      1.    This Court has jurisdiction over this action because complete diversity

4  exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  Defendant Home Depot is a Delaware

5  corporation with its principal places of business in Atlanta, Georgia.  As set forth below,

6  individual defendants George Davidson and Virginia Burn (erroneously sued as "Ginny Lnu" and

7  referred to in the body of Plaintiff's complaint as "Ginny Burns") are "sham" defendants.  Home

8  Depot is informed and believes that Plaintiff Barbara Hitt (hereinafter "Plaintiff") resides in the

9  State of California.  Accordingly, Home Depot seeks to remove this action as detailed below.

10

11

### INTRADISTRICT ASSIGNMENT

12

13      2.    This matter should be assigned to the San Jose Division of the United States

14  District Court for the Northern District of California because a substantial part of the events or

15  omissions which give rise to the claim occurred in Santa Clara County.  Civil L.R. 3-2(c), (d).

16

17

### THE STATE COURT ACTION

18

19      3.    On or about May 29, 2007, Plaintiff filed an action against Home Depot

20  entitled "BARBARA HITT, Plaintiff vs. THE HOME DEPOT, a Corporation, GEORGE

21  DAVIDSON, an individual, GINNY LNU, and DOES 1-50, Defendants" in the Santa Clara

22  County Superior Court, Case Number 107CV-086760 (the "State Court Action").  On or about

23  June 8, 2007, Home Depot first learned of the State Court Action when its legal department

24  received notification from Corporation Service Company ("CSC") that it had accepted personal

25  service of the Complaint on Home Depot's behalf.  A true and correct copy of the Complaint is

26  attached as Exhibit "A" hereto.

27

28

2

PETITION AND NOTICE OF REMOVAL                                    Case No.

4.    On July 3, 2007, Home Depot timely filed and served its Answer to Plaintiff's Complaint in the Santa Clara County Superior Court.  A true and correct copy of Home Depot's Answer is attached as Exhibit "B" hereto.

5.    The documents attached hereto as Exhibits "A" through "B" constitute the pleadings, process and orders served upon or by Home Depot in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.    Home Depot is informed and believes that Plaintiff is a citizen of the State of California and was a citizen of the State of California at the time of the filing of the Complaint.

7.    Home Depot was incorporated in the State of Delaware.

8.    Home Depot's principal place of business is in the State of Georgia.  Home Depot is one of the leading retailers in the home-improvement industry and operates warehouse-style stores throughout the United States.  As a national corporation that conducts business in 49 of 50 states, Home Depot's business activities do not substantially predominate in a single state by virtue of doing more business in that state.  *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003)(denying motion to remand, holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business), and complete diversity of citizenship existed between it and plaintiff, a California citizen).  Accordingly, Home Depot does not perform a "substantial predominance" of corporate operations in any single state.  *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

3

1   Home Depot performs the vast majority of its executive and administrative functions at its

2   corporate headquarters located in Atlanta, Georgia.

3

4        9.      If a party is a corporation, it is a citizen of both its state of incorporation and

5   the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Home

6   Depot is (and was at the time of filing of the Complaint) a citizen of the States of Delaware and

7   Georgia.

8

9        10.     Individual defendants George Davidson and Ginny Burn (erroneously sued

10  as "Ginny Lnu") are "sham" defendants because none of Plaintiff's claims is valid as against

11  either individual. The only causes of action asserted against the individual defendants are two

12  causes of action for "tortious discharge in violation of public policy," one cause of action for

13  "failure to pay wages," and one cause of action for "waiting time penalties." However, there is <u>no

14  possibility</u> that Plaintiff can prevail on any of these claims against the individual defendants. First,

15  California law does not recognize any sort of "tortious discharge" cause of action against

16  individual supervisors or co-workers who are not the plaintiff's employer. *Khajavi v. Feather

17  River Anesthesia Medical Group*, 84 Cal. App. 4th 32, 38, 100 Cal. Rptr. 2d 627, 632 (2000)

18  ("Only an employer can be liable for the tort of wrongful discharge of an employee"). Neither

19  individual defendant was Plaintiff's employer. (Complaint ¶¶ 2-3.) Similarly, because neither

20  individual defendant was Plaintiff's employer, neither individual defendant can be held liable for

21  Plaintiff's remaining claims for unpaid wages and associated waiting time penalties. *See Reynolds

22  v. Bement*, 36 Cal. 4th 1075, 1088-89, 32 Cal. Rptr. 3d 483, 492 (2005) (Under California law,

23  individual employees cannot be held liable for unpaid overtime). Under similar circumstances,

24  courts have upheld removal because the individual defendants that would otherwise destroy

25  diversity jurisdiction were found to be "sham" defendants. *See McCabe v. General Foods Corp.*,

26  811 F.2d 1336, 1339 (9th Cir. 1987) (finding that individual defendant supervisors accused of

27  "wrongful termination" were "sham" defendants that did not destroy diversity jurisdiction).

28

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

4

1      11.    Complete diversity among the parties exists because Plaintiff is a citizen of

2  the State of California, Home Depot is a citizen of the States of Delaware and Georgia, and

3  individual defendants Davidson and Burn are "sham" defendants.

4

5  **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM**

6

7      12.    It is facially apparent from the Complaint that the amount in controversy

8  exceeds $75,000.  Plaintiff asserts causes of action for "tortious discharge in violation of public

9  policy" based upon her termination in November 2005 and seeks economic damages for lost past

10  and future wages and benefits, damages for emotional distress, and punitive damages.  In addition,

11  Plaintiff asserts causes of action for unpaid wages and waiting time penalties.  Finally, Plaintiff

12  claims that she is entitled to recover attorney's fees and other penalties prescribed by the

13  California Labor Code.  Based upon the number of claims and the remedies that Plaintiff seeks, it

14  is apparent from the face of the Complaint that the amount in controversy exceeds the

15  jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a) for diversity cases.  *See White*

16  *v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (Removal upheld in wrongful termination

17  case where, despite the fact that the Complaint failed to specify damages sought, "lengthy list of

18  compensatory and punitive damages" and claim for attorneys' fees made it facially apparent that

19  amount in controversy exceeded $75,000).

20

21                              **REMOVAL IS TIMELY**

22

23      13.    This action is being removed within 30 days of the point at which Home

24  Depot was served with the "initial pleading" setting forth Plaintiff's claims for relief.  28 U.S.C. §

25  1446(b).  Plaintiff's Complaint was served on June 8, 2007.  Accordingly, Home Depot is

26  removing this action in a timely manner.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PETITION AND NOTICE OF REMOVAL                                                      Case No.

1

2

## **CONCLUSION**

3

4       Because this civil action is between citizens of different states and the matter in

5   controversy exceeds $75,000, exclusive of interests and costs, this Court has original jurisdiction

6   over it, and Home Depot may remove it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

7   Home Depot respectfully requests that this Court exercise its removal jurisdiction over this action.

8   DATED:  July 5, 2007                    PAYNE & FEARS LLP

9

10                                          By: _____

11                                               ANDREW J. JARAMILLO
                                                 STEVEN K. GANOTIS

12                                          Attorneys for Defendant
                                            HOME DEPOT U.S.A., INC. (erroneously sued as THE
13                                          HOME DEPOT)

14

15

16   360981.1

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PETITION AND NOTICE OF REMOVAL                                    Case No.

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an
individual, GINNY LNU, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA HITT

'ENDORSED)
FILED

MAY 29 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
J. Zenzen DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>191 N. First Street<br>San Jose, CA 95113 | CASE NUMBER:<br>1-07-CV-086760 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gerald A. Emanuel/Jacquetta M. Lannan (Bar # SBN 61049/247811)    Phone No. (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL                            Fax No. (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128

DATE:                         Kiri Torre                  Clerk, by _____ J. Zenzen _____, Deputy
*(Fecha)* MAY 29 2007   Chief Executive Officer/Clerk *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* The Home Depot, A Corporation

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 6-8-07

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
LexisNexis® Automated California Judicial Council Forms

Gerald A. Emanuel (SBN 61049)
Jacquetta M. Lannan (SBN 247811)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

(ENDORSED)
FILED

MAY 29 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
_____ Zenzen DEPUTY

Attorneys for Plaintiff
BARBARA HITT

SUPERIOR COURT OF CALIFORNIA

SANTA CLARA COUNTY

BARBARA HITT,

     Plaintiff,

vs.

THE HOME DEPOT, a Corporation,
GEORGE DAVIDSON, an individual,
GINNY LNU, and DOES 1-50.

     Defendants.

No. 107CV-086760

COMPLAINT FOR DAMAGES
ARISING FROM:
1. TORTIOUS DISCHARGE IN
VIOLATION OF PUBLIC POLICY,
VIOLATION OF LABOR CODE
SECTION 132(a),
2. TORTIOUS DISCHARGE IN
VIOLATION OF PUBLIC POLICY,
VIOLATION OF LABOR CODE
SECTION 6310,
3. FAILURE TO PAY WAGES
4. WAITING TIME PENALTIES;
DEMAND FOR JURY TRIAL

     COMES NOW Plaintiff BARBARA HITT and complains against

Defendants and each of them, and for causes of action alleges:

///

///

1

# GENERAL ALLEGATIONS

## ALLEGING JURISDICTION AND VENUE

1.      Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant, THE HOME DEPOT ("HOME DEPOT") was a Delaware corporation, qualified to do business in the State of California and doing business in the County of Santa Clara.

2.      Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GEORGE DAVIDSON was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Manager, and at all times herein mentioned was acting within the course and scope of his employment.

3.      Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GINNY BURNS was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Human Resources Representative, and at all times herein mentioned was acting within the course and scope of her employment.

4.      The acts alleged herein occurred in the County of Santa Clara, State of California.

2

5.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and herein alleges that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

6.      At all times herein mentioned and unless otherwise stated, each Defendant was a managing agent of Defendants and each of them was the agent and/or employee of each and every co-Defendant, and in the performing the things, acts or omissions, hereinafter more fully alleged, was acting within the scope, course and authority of said agency and/or employment.

7.      Each Defendant herein ratified, authorized, knew about or should have known about, and/or condoned the acts of each and every other Defendant.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Defendant HOME DEPOT employed Plaintiff on or about April 28, 2001 until on or about November 6, 2005.

9.      Throughout most of her employment with HOME DEPOT, Plaintiff had the job title of "sales associate;" however she also had the role of safety coordinator for the store.  This position is also known as "secret squirrel."

3

1    10.    Plaintiff has always performed her job in a satisfactory

2 manner and has received periodic raises. Plaintiff was initially paid at the rate

3 of $10.00 per hour. Plaintiff received a series of raises during her tenure, and

4 was earning $18.97 per hour at her termination.

5    11.    Home Depot employees had the option of participating in

6 community service projects throughout the year. Defendant GEORGE

7 DAVIDSON required Plaintiff to volunteer for unpaid community service work

8 in order to impress his supervisors. Plaintiff was required to do community

9 service work approximately five times for eight hours, for a total of forty hours.

10    12.    Defendant HOME DEPOT did not pay Plaintiff for the forty

11 hours of employer required community service.

12    13.    Throughout Plaintiff's employment, Defendant HOME

13 DEPOT also required Plaintiff to take phone calls outside her schedule hours

14 regarding safety related issues. Prior to Plaintiff's transfer to the Blossom Hill

15 store, she was compensated two hours pay each time she received one of these

16 calls. However, she was not paid for these phone calls during her time at the

17 Blossom Hill store. Plaintiff received approximately three phone calls per week

18 for approximately a year, totaling one hundred fifty six hours of unpaid work.

19    14.    On or about October 2, 2004, one of Defendant HOME

20 DEPOT's employees falsified a report claiming the store had conducted a fire

21

22

1  drill when in fact they had not.  Plaintiff reported this to District Safety

2  Manager, Christy Blue.

3        15.      Plaintiff was reprimanded by Defendant GEORGE

4  DAVIDSON for reporting this safety issue.  Defendant DAVIDSON also forbid

5  her from reporting outside the store to OSHA.

6        16.      On or about August 25, 2005, Plaintiff, while in the process

7  of performing her safety coordinator duties, was injured on the job when she

8  suffered a chemical burn from a misplaced and unlabeled bucket containing a

9  prohibited mixture of chemicals.

10       17.      Due to the chemical burn, Plaintiff was off work for

11  approximately a week and a half, until approximately September 5, 2005.

12       18.      When Plaintiff returned to work on or about September 5,

13  2005, she found that the bleach bucket still had not been properly disposed of.

14  She reported the incident to 3E Company, a health and safety compliance

15  organization.

16       19.      Defendant GEORGE DAVIDSON and other managers

17  discouraged and pressured Plaintiff from reporting her injuries because they

18  would get bonuses if there were no injuries on the job.

19       20.      Defendant GEORGE DAVIDSON was visibly angry that

20  Plaintiff reported the accident incident to 3E.  On or about September 5, 2005,

21  the day upon Plaintiff's return to employment, Plaintiff was demoted back to a

22

5

1  sales associate position and removed from the safety coordinator position

2  because she reported the safety violations.

3        21.     On or about October 25, 2005, Plaintiff suffered an

4  industrial injury resulting in namely a torn rotator cuff.

5        22.     On or about October 25, 2005, Plaintiff attempted to make

6  an "incident report" but Defendant GEORGE DAVIDSON reacted so angrily by

7  threatening Plaintiff with reprimand that Plaintiff agreed she would not go to

8  the doctor or file a report.

9        23.     Plaintiff was still upset and experiencing pain from the torn

10  rotator cuff.  The interim store manager, Kirsten Roben, told Plaintiff to take a

11  few days off to recover.

12        24.     On or about November 6, 2005, Plaintiff did not report to

13  work because she believed she was authorized by Kirsten Roben to take the

14  vacations days.

15        25.     On or about November 6, 2005, Defendant GINNY BURNS

16  said that Ms. Roben did not have the authority to authorize Plaintiff's vacation

17  days.  Then, Defendant GINNY BURNS terminated Plaintiff for job

18  abandonment.  This termination was pretextual and the actual reason Plaintiff

19  was terminated was because she reported the company for safety violations

20  and for filing a workers compensation claim.

21

22

1    26.    Plaintiff repeatedly received positive performance evaluations

2  until reporting to the regional safety director that HOME DEPOT had not

3  conducted the fire drill on or about October 2, 2004.

4  ### FIRST CAUSE OF ACTION

5  ### [TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY]

6  ### (Violation of Labor Code Section 132(a))

7

8    As a first, separate and distinct cause of action, Plaintiff complains

9  against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

10  cause of action alleges:

11    27.    Plaintiff hereby incorporates by reference Paragraphs 1

12  through 25 of the Complaint as if fully set forth herein.

13    28.    Labor Code Section 132(a) states that it is against the public

14  policy of the State of California to terminate an employee for filing a worker's

15  compensation claim or making known his or her intention to file a claim for

16  worker's compensation.

17    29.    After Plaintiff made known her intention to file a claim for

18  industrial injuries occurring on or about October 25, 2005, Defendants

19  discouraged and threatened her from going to the doctor or filing a claim.

20    30.    Defendants then terminated Plaintiff's employment on

21  November 6, 2005, in violation of public policy.

22

7

31.     As a direct and proximate result of the conduct of these Defendants, and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits, and other special and general damages, all in an amount to be proven at trial.

32.     In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294

## SECOND CAUSE OF ACTION

## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (Violation of Labor Code Section 6310)

As a second, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

33.     Plaintiff hereby incorporates by reference Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

34.     Labor Code §6310 states that "no person shall discharge or in any manner discriminate against any employee because the employee has .

8

1    done any of the following: (1) Made any oral or written complaint to the

2    division, other governmental agencies having statutory responsibility for or

3    assisting the division with reference to employee safety or health, his or her

4    employer, or his or her representative.

5              35.    Labor Code §6310 further provides that "any employee who

6    is...demoted...or in any other manner discriminated against in the terms and

7    conditions of employment by his or her employer because the employee has

8    made a bona fide oral or written complaint to the division, other governmental

9    agencies having statutory responsibility for or assisting the division with

10   reference to employee safety or health, his or her employer, or his or her

11   representative, of unsafe working conditions, or work practices, in his or her

12   employment or place of employment...shall be entitled to reinstatement and

13   reimbursement for lost wages and work benefits caused by the acts of the

14   employer.

15             36.    Defendants discriminated against Plaintiff by demoting her

16   after she complained about the unsafe working condition of the hazardous

17   bleach bucket and the prior falsified fire drill.

18             37.    As a direct and proximate result of the conduct of these

19   Defendants, and each of them, Plaintiff has suffered emotional anguish and

20   distress, loss of income and benefits, and other special and general damages,

21   all in an amount to be proven at trial.

22

9

38.    In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294.

## THIRD CAUSE OF ACTION

### [UNPAID WAGES]

As a third, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

39.    Plaintiff hereby incorporates by reference Paragraphs 1 through 37 above as though set forth fully herein.

40.    Labor Code Section 201 provides, in part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

41.    Upon termination, Defendants and each of them owed and continue to owe Plaintiff wages in the amount of 196 hours times $18.97/hour for a total of $3718.12 for unpaid required volunteer work and unpaid business related phone calls.

10

## FOURTH CAUSE OF ACTION

### [WAITING TIME PENALTIES]

As a fourth, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

42.    Plaintiff hereby incorporates by reference Paragraphs 1 through 40 above as though set forth fully herein.

43.    Labor Code Section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days."

44.    Because Defendants and each of them owed and continue to owe Plaintiff wages upon termination, Plaintiff is eligible to waiting time penalties in the amount of $6,070.40.

Wherefore, Plaintiff prays for relief as set forth below.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

11

1.   For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.   For wages and penalties pursuant to Labor Code Section 201 and 203;

3.   For a money judgment for mental pain and anguish and emotional distress, according to proof;

4.   For an award of exemplary and punitive damages, according to proof;

5.   For costs of suit and attorney's fees;

6.   For pre-judgment and post-judgment interest; and

7.   For such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the issues.

Dated: 3/24, 2007

HINKLE, JACHIMOWICZ, POINTER & EMANUEL

GERALD A. EMANUEL
JACQUETTA M. LANNAN
Attorneys for Plaintiff
BARBARA HITT

12



CORPORATION SERVICE COMPANY

## Notice of Service of Process

KTR / ALL
Transmittal Number: 5185645
Date Processed: 06/08/2007

Primary Contact:        Nancy Bunker
                        The Home Depot, Inc.
                        2455 Paces Ferry Rd SE
                        Atlanta, GA 30339-1834

Copy of transmittal only provided to:    Quinessa Malcolm

| | |
|---|---|
| Entity: | Home Depot U.S.A., Inc. |
| | Entity ID Number 2483807 |
| Entity Served: | The Home Depot |
| Title of Action: | Barbara Hitt vs. The Home Depot |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Santa Clara Superior Court, California |
| Case Number: | 107CV-086760 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jacquetta M. Lannan |
| | 408-246-5500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Rcvd. Legal Dept.

JUN 12 2007
By McDearis to Lim

# CIVIL LAWSUIT NOTICE

ATTACHMENT A

CASE NUMBER: **1 0 7 C V - 0 8 6 7 6 0**

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

---

_DEFENDANTS_ (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the clerk's office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning:** If you do not do these three things, you may automatically lose this case.

---

_RULES AND FORMS_: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC)_: You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

_Your Case Management Judge is_: Neal A Cabrinha      DEPT: 10

_The first CMC is scheduled as follows_: (Completed by Clerk of Court)
Date: OCT 0 9 2007    Time: 3:45 PM    Dept.: 10

_The next CMC is scheduled as follows_: (Completed by party if the first CMC was continued or has passed)
Date: _____    Time: _____    Dept.: _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR)_: If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

_WARNING_: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/64

CIVIL LAWSUIT NOTICE

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorneys fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a nonadversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, is desired
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; divorce, custody, and other family matters; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

*Contact:*

Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

*Revised 12/9/02*

# EXHIBIT B

1  PAYNE & FEARS LLP
   Attorneys at Law
2  Andrew J. Jaramillo, Bar No. 198303
   Steven K. Ganotis, Bar No. 234252
3  One Embarcadero Center, Suite 2300
   San Francisco, California 94111
4  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC. (erroneously sued as "THE
   HOME DEPOT")
7

ENDORSED

2007 JUL -3 P 1: 10

*** ******* ***** ** *********
***** ** ***** ******
*
          A. FLORESCA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  BARBARA HITT,                          CASE NO. 107CV-086760

12          Plaintiff,                     **DEFENDANT HOME DEPOT U.S.A.
                                           INC.'S ANSWER TO COMPLAINT**
13      v.

14  THE HOME DEPOT, a Corporation, GEORGE
    DAVIDSON, an individual, GINNY LNU, and
15  DOES 1-50,                             Date Action Filed:  May 29, 2007
                                           Trial Date:         None
16          Defendants.

17

18

19

20                              I.

21                 **GENERAL AND SPECIFIC DENIALS**

22

23          Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant

24  Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") denies, generally and specifically, each

25  and every allegation contained in the Complaint for Damages filed by Plaintiff Barbara Hitt

26  ("Plaintiff"). Home Depot further denies, generally and specifically, that Plaintiff has been

27  damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or on the

28  part of any agent or employee of Defendant.

                                                            Exhibit B

                 DEFENDANT HOME DEPOT'S ANSWER TO COMPLAINT

## II.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause of Action)

1.    The Complaint and each cause of action purportedly contained therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Legitimate, Non-discriminatory Business Reason)

2.    Plaintiff's causes of action are barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

## THIRD AFFIRMATIVE DEFENSE

(At-Will Employment)

3.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's employment was for no specific term and therefore terminable at will pursuant to Labor Code section 2922.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith Belief)

4.    Plaintiff's causes of action are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the

ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

facts as Defendant understood them.

## FIFTH AFFIRMATIVE DEFENSE

(Failure To Exercise Reasonable Skill)

5.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exercise a reasonable degree of skill in performing employment services for Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Bad Faith and Frivolous Action)

6.    The Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorney's fees, incurred in defending this action pursuant to California Civil Procedure Code Section 128.5.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure To Perform and Use Ordinary Care)

7.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to perform the services which Plaintiff agreed to perform for her employer and did not use ordinary care and diligence in carrying out those services for her employer.

## EIGHTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

8.    Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure section 335.1, section

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

337, subdivision (1), section 338, subdivision (a) and/or (d), section 339, subdivision (1), section 340, subdivision (c), and/or section 343; and California Labor Code section 203.

### NINTH AFFIRMATIVE DEFENSE

(Failure To Mitigate Damages)

9.    Plaintiff has failed to mitigate any damages allegedly caused to her by the acts in which Defendant allegedly engaged.

### TENTH AFFIRMATIVE DEFENSE

(No Tort Damages)

10.    The Complaint, and each cause of action alleged therein, fails to allege sufficient facts to allow an award of tort damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Laches)

11.    The doctrine of laches bars Plaintiff from asserting any claim for equitable relief or recovering under any of the alleged causes of action.

### TWELFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

12.    Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.    Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's course of conduct while in the employ of Defendant constituted a waiver of the claims asserted in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Consent)

14.    Plaintiff's causes of action are barred, in whole or in part, because they rely upon allegations that are contrary to the explicit consent given by Plaintiff to the actions taken.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

15.    Plaintiff's prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations or omissions of any Defendant or its agents.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient To Support Claim for Punitive Damages)

16.    Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that any Defendant engaged in oppressive, fraudulent or malicious conduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Punitive Damages Not Recoverable Against Corporate Defendant)

17.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint to the extent that the alleged acts were not committed by an officer, director or managing agent, nor were they authorized or ratified by an officer, director or managing agent, nor did defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights or safety of others.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Causation by Plaintiff)

18.    Plaintiff's causes of action are barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by any Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Failure to Utilize Policy)

19.    Plaintiff's causes of action are barred, in whole or in part, because Defendant, at all relevant times, exercised reasonable care to prevent and correct any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

(Exclusivity of Workers' Compensation Act)

3

4    20.    Plaintiff's causes of action are barred, in whole or in part, by the exclusivity

5    provisions of the California Workers' Compensation Act, Labor Code section 3600 et seq.

6

7    ## TWENTY-FIRST AFFIRMATIVE DEFENSE

8

(Managerial Privilege)

9

10    21.    Plaintiff's causes of action are barred, in whole or in part, based on the

11    doctrine of managerial privilege or managerial immunity.

12

13    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

14

(Estoppel)

15

16    22.    Plaintiff is estopped, by reason of her conduct and actions, from asserting

17    each and any of her alleged claims herein.

18

19    ## TWENTY-THIRD AFFIRMATIVE DEFENSE

20

(Uncertainty)

21

22    23.    Plaintiff's losses, if any, are speculative and uncertain or both, and therefore

23    not compensable.

24

25    ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

26

(No Penalties or Liquidated Damages)

27

28    24.    Each claim for penalties or liquidated damages contained within the

DEFENDANT HOME DEPOT'S ANSWER TO COMPLAINT

ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1    Complaint is barred on the grounds that the acts or omissions alleged by Plaintiff were made in

2    good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts

3    or omissions were not in violation of the California Labor Code.  Consequently, Plaintiff is not

4    entitled to penalties or liquidated damages, and the amounts of wages claimed by Plaintiff should

5    be reduced accordingly.

6

7              WHEREFORE, Defendant prays for judgment as follows:

8

9         1.    That judgment be entered in favor of Defendant and against Plaintiff;

10        2.    That the Complaint herein be dismissed in its entirety with prejudice;

11        3.    That Defendant be awarded its costs of suit herein;

12        4.    That Defendant be awarded reasonable attorneys' fees as determined by the Court;

13    and

14        5.    For such other and further relief as the Court may deem just and proper.

15

16    DATED:  July 3, 2007              PAYNE & FEARS LLP

17

18                              By: _____
                                        ANDREW J. JARAMILLO
19                                      STEVEN K. GANOTIS

20                                  Attorneys for Defendant
                                    HOME DEPOT U.S.A., INC. (erroneously sued as
21                                  "THE HOME DEPOT")

22    361209.1

23

24

25

26

27

28

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

-8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

Barbara Hitt v. The Home Depot

ENDORSED

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

2007 JUL -3 P 1: 10

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 3, 2007, I served the following document(s) described as ANSWER TO COMPLAINT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel                    Attorneys For Plaintiff Barbara Hitt
Jacquetta M. Lannon
HINKLE, JACHIMOWICZ, POINTER
& EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128

[X] **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

[ ] **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ] **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ] **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 3, 2007, at San Francisco, California.

DEBORAH L. HOPKINS

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**PROOF OF SERVICE**

Barbara Hitt v. The Home Depot

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 5, 2007July 3, 2007, I served the following document(s) described as NOTICE TO CLERK OF THE SANTA CLARA COUNTY SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel                     Attorneys For Plaintiff Barbara Hitt
Jacquetta M. Lannon
HINKLE, JACHIMOWICZ, POINTER
& EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2007, at San Francisco, California.

DEBORAH L. HOPKINS

PROOF OF SERVICE