1  PAYNE & FEARS LLP
   Attorneys at Law
2  Andrew J. Jaramillo, State Bar No. 198303
   Steven K. Ganotis, State Bar No. 234252
3  One Embarcadero Center, Suite 2300
   San Francisco, California 94111
4  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
5
   Attorneys for Defendant
6  HOME DEPOT U.S.A., INC. (erroneously sued as Home
   Depot, Inc.)
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SANTA CLARA

10  BARBARA HITT,                          CASE NO. 107CV-086760

11          Plaintiff,                     NOTICE TO PLAINTIFF OF REMOVAL
                                           OF CIVIL ACTION TO UNITED
12      v.                                 STATES DISTRICT COURT FOR THE
                                           NORTHERN DISTRICT OF
13  THE HOME DEPOT, a Corporation, GEORGE  CALIFORNIA
    DAVIDSON, an individual, GINNY LNU, and
14  DOES 1-50,
                                           Date Action Filed:  May 29, 2007
15          Defendants.                    Trial Date: None set

16

17

18        TO PLAINTIFF BARBARA HITT AND HER COUNSEL OF RECORD:

19

20            PLEASE TAKE NOTICE that on July 5, 2007, defendant Home Depot U.S.A., Inc.

21  (erroneously sued as The Home Depot) filed in the United States District Court for the Northern

22  District of California their Petition and Notice of Removal of Civil Action.  A true and correct

23  copy of the Petition and Notice is attached as Exhibit "A."  Also attached are the following

24  exhibits which are required to be served upon you pursuant to the Northern District's Local Rules:

25

26            Exhibit

27              "B"                  Notice of Assignment of Case to a

28                                   United States Magistrate Judge

                    NOTICE TO PLAINTIFF OF REMOVAL

1    "C"    Notice of Lawsuit and Request for

2    Waiver of Summons; Waiver of

3    Service of Summons

4    "D"    Welcome letter from the United

5    States District Court for the Northern

6    District of California, San Jose

7    Division

8    "E"    Order Setting Initial Case

9    Management Conference and ADR

10    Deadlines

11    "F"    Standing Order Regarding Case

12    Management in Civil Cases; and

13    Standing Order Re Pretrial

14    Preparation

15    "G"    USDC Northern District ECF

16    Registration Information Handout

17

18

19    DATED:  July 5, 2007    PAYNE & FEARS LLP

20

21    By: _____

22    ANDREW J. JARAMILLO
      STEVEN K. GANOTIS

23    Attorneys for Defendant
      HOME DEPOT U.S.A., INC. (erroneously sued as
24    Home Depot, Inc.)

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

-2-

# EXHIBIT A

1  ANDREW J. JARAMILLO, Bar No. 198303
   STEVEN K. GANOTIS, Bar No. 234252
2  ajj@paynefears.com
   skg@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  One Embarcadero Center, Suite 2300
   San Francisco, CA 94111
5  Telephone: (415) 398-7860
   Facsimile: (415) 398-7863
6

7  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.(erroneously sued as THE
8  HOME DEPOT)

9              UNITED STATES DISTRICT COURT    **HRL**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11                                      **C 07    3485**

12  BARBARA HITT,                    CASE NO.

13           Plaintiff,              (Santa Clara County Superior Court Case No.
                                     107CV-086760)
14      v.
                                     **PETITION AND NOTICE OF REMOVAL**
15  THE HOME DEPOT, a Corporation,   **OF CIVIL ACTION UDER 28 U.S.C.**
    GEORGE DAVIDSON, an individual,  **SECTIONS 1332 AND 1441(b)**
16  GINNY LNU, and DOES 1-50,

17           Defendants.

18

19

20

21          TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

22  DISTRICT OF CALIFORNIA AND TO PLAINTIFF BARBARA HITT AND HER COUNSEL

23  OF RECORD:

24

25          PLEASE TAKE NOTICE that defendant Home Depot U.S.A., Inc. ("Home

26  Depot") removes this action from the Superior Court of the State of California for the County of

27  Santa Clara to the United States District Court for the Northern District of California on the

28  following grounds:

---
PETITION AND NOTICE OF REMOVAL                                      Case No.

## JURISDICTION

1.     This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  Defendant Home Depot is a Delaware corporation with its principal places of business in Atlanta, Georgia.  As set forth below, individual defendants George Davidson and Virginia Burn (erroneously sued as "Ginny Lnu" and referred to in the body of Plaintiff's complaint as "Ginny Burns") are "sham" defendants.  Home Depot is informed and believes that Plaintiff Barbara Hitt (hereinafter "Plaintiff") resides in the State of California.  Accordingly, Home Depot seeks to remove this action as detailed below.

## INTRADISTRICT ASSIGNMENT

2.     This matter should be assigned to the San Jose Division of the United States District Court for the Northern District of California because a substantial part of the events or omissions which give rise to the claim occurred in Santa Clara County.  Civil L.R. 3-2(c), (d).

## THE STATE COURT ACTION

3.     On or about May 29, 2007, Plaintiff filed an action against Home Depot entitled "BARBARA HITT, Plaintiff vs. THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50, Defendants" in the Santa Clara County Superior Court, Case Number 107CV-086760 (the "State Court Action").  On or about June 8, 2007, Home Depot first learned of the State Court Action when its legal department received notification from Corporation Service Company ("CSC") that it had accepted personal service of the Complaint on Home Depot's behalf.  A true and correct copy of the Complaint is attached as Exhibit "A" hereto.

PETITION AND NOTICE OF REMOVAL                                    Case No.

1
2
3
4

4.    On July 3, 2007, Home Depot timely filed and served its Answer to Plaintiff's Complaint in the Santa Clara County Superior Court. A true and correct copy of Home Depot's Answer is attached as Exhibit "B" hereto.

5
6
7

5.    The documents attached hereto as Exhibits "A" through "B" constitute the pleadings, process and orders served upon or by Home Depot in the State Court Action.

8

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

9
10
11

6.    Home Depot is informed and believes that Plaintiff is a citizen of the State of California and was a citizen of the State of California at the time of the filing of the Complaint.

12
13
14

7.    Home Depot was incorporated in the State of Delaware.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.    Home Depot's principal place of business is in the State of Georgia. Home Depot is one of the leading retailers in the home-improvement industry and operates warehouse-style stores throughout the United States. As a national corporation that conducts business in 49 of 50 states, Home Depot's business activities do not substantially predominate in a single state by virtue of doing more business in that state. *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003)(denying motion to remand, holding that Home Depot was a citizen of Delaware (state of incorporation) and Georgia (principal place of business), and complete diversity of citizenship existed between it and plaintiff, a California citizen). Accordingly, Home Depot does not perform a "substantial predominance" of corporate operations in any single state. *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

3

1   Home Depot performs the vast majority of its executive and administrative functions at its

2   corporate headquarters located in Atlanta, Georgia.

4           9.     If a party is a corporation, it is a citizen of both its state of incorporation and

5   the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Home

6   Depot is (and was at the time of filing of the Complaint) a citizen of the States of Delaware and

7   Georgia.

9           10.    Individual defendants George Davidson and Ginny Burn (erroneously sued

10   as "Ginny Lnu") are "sham" defendants because none of Plaintiff's claims is valid as against

11   either individual. The only causes of action asserted against the individual defendants are two

12   causes of action for "tortious discharge in violation of public policy," one cause of action for

13   "failure to pay wages," and one cause of action for "waiting time penalties." However, there is <u>no</u>

14   <u>possibility</u> that Plaintiff can prevail on any of these claims against the individual defendants. First,

15   California law does not recognize any sort of "tortious discharge" cause of action against

16   individual supervisors or co-workers who are not the plaintiff's employer. *Khajavi v. Feather*

17   *River Anesthesia Medical Group*, 84 Cal. App. 4th 32, 38, 100 Cal. Rptr. 2d 627, 632 (2000)

18   ("Only an employer can be liable for the tort of wrongful discharge of an employee"). Neither

19   individual defendant was Plaintiff's employer. (Complaint ¶¶ 2-3.) Similarly, because neither

20   individual defendant was Plaintiff's employer, neither individual defendant can be held liable for

21   Plaintiff's remaining claims for unpaid wages and associated waiting time penalties. *See Reynolds*

22   *v. Bement*, 36 Cal. 4th 1075, 1088-89, 32 Cal. Rptr. 3d 483, 492 (2005) (Under California law,

23   individual employees cannot be held liable for unpaid overtime). Under similar circumstances,

24   courts have upheld removal because the individual defendants that would otherwise destroy

25   diversity jurisdiction were found to be "sham" defendants. *See McCabe v. General Foods Corp.*,

26   811 F.2d 1336, 1339 (9th Cir. 1987) (finding that individual defendant supervisors accused of

27   "wrongful termination" were "sham" defendants that did not destroy diversity jurisdiction).

28

          4

PAINE & PEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

11.    Complete diversity among the parties exists because Plaintiff is a citizen of the State of California, Home Depot is a citizen of the States of Delaware and Georgia, and individual defendants Davidson and Burn are "sham" defendants.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

12.    It is facially apparent from the Complaint that the amount in controversy exceeds $75,000. Plaintiff asserts causes of action for "tortious discharge in violation of public policy" based upon her termination in November 2005 and seeks economic damages for lost past and future wages and benefits, damages for emotional distress, and punitive damages. In addition, Plaintiff asserts causes of action for unpaid wages and waiting time penalties. Finally, Plaintiff claims that she is entitled to recover attorney's fees and other penalties prescribed by the California Labor Code. Based upon the number of claims and the remedies that Plaintiff seeks, it is apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a) for diversity cases. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (Removal upheld in wrongful termination case where, despite the fact that the Complaint failed to specify damages sought, "lengthy list of compensatory and punitive damages" and claim for attorneys' fees made it facially apparent that amount in controversy exceeded $75,000).

## REMOVAL IS TIMELY

13.    This action is being removed within 30 days of the point at which Home Depot was served with the "initial pleading" setting forth Plaintiff's claims for relief. 28 U.S.C. § 1446(b). Plaintiff's Complaint was served on June 8, 2007. Accordingly, Home Depot is removing this action in a timely manner.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

PETITION AND NOTICE OF REMOVAL                                                     Case No.

1

## CONCLUSION

2

3        Because this civil action is between citizens of different states and the matter in

4    controversy exceeds $75,000, exclusive of interests and costs, this Court has original jurisdiction

5    over it, and Home Depot may remove it to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

6    Home Depot respectfully requests that this Court exercise its removal jurisdiction over this action.

7

8    DATED:  July 5, 2007                    PAYNE & FEARS LLP

9

10                                           By: _____
                                                    ANDREW J. JARAMILLO
11                                                  STEVEN K. GANOTIS

12                                           Attorneys for Defendant
                                             HOME DEPOT U.S.A., INC. (erroneously sued as THE
13                                           HOME DEPOT)

14

15

16    360981.1

17

18

19

20

21

22

23

24

25

26

27

28

PETITION AND NOTICE OF REMOVAL                                          Case No.

# EXHIBIT A



CORPORATION SERVICE COMPANY

## Notice of Service of Process

KTR / ALL
Transmittal Number: 5185645
Date Processed: 06/08/2007

| Primary Contact: | Nancy Bunker<br>The Home Depot, Inc.<br>2455 Paces Ferry Rd SE<br>Atlanta, GA 30339-1834 |
|---|---|
| Copy of transmittal only provided to: | Quinessa Malcolm |

| Entity: | Home Depot U.S.A., Inc.<br>Entity ID Number 2483807 |
|---|---|
| Entity Served: | The Home Depot |
| Title of Action: | Barbara Hitt vs. The Home Depot |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Santa Clara Superior Court, California |
| Case Number: | 107CV-086760 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/08/2007 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Jacquetta M. Lannan<br>408-246-5500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

Rcvd. Legal Dept.

JUN 12 2007

By McDearis to Lim

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BARBARA HITT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

[ENDORSED]
FILED

MAY 29 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
J. Zenzen DEPUTY

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>191 N. First Street<br>San Jose, CA 95113 | 1-07-CV-086760 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gerald A. Emanuel/Jacquetta M. Lannan  (Bar # SBN 61049/247811)    Phone No. (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL                              Fax No. (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128

| DATE: *(Fecha)* MAY 2 9 2007 | Clerk, by *(Secretario)* Kiri Torre Chief Executive Officer/Clerk J. Zenzen | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*  The Home Depot, A Corporation

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 6-8-07

Page 1 of 1

Form Approved for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

Gerald A. Emanuel (SBN 61049)
Jacquetta M. Lannan (SBN 247811)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

[ENDORSED]
FILED

MAY 29 07

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
Lenzen DEPUTY

Attorneys for Plaintiff
BARBARA HITT

## SUPERIOR COURT OF CALIFORNIA

## SANTA CLARA COUNTY

BARBARA HITT,

     Plaintiff,

vs.

THE HOME DEPOT, a Corporation,
GEORGE DAVIDSON, an individual,
GINNY LNU, and DOES 1-50.

     Defendants.

No. **107CV-086760**

**COMPLAINT FOR DAMAGES
ARISING FROM:**
**1. TORTIOUS DISCHARGE IN
VIOLATION OF PUBLIC POLICY,
VIOLATION OF LABOR CODE
SECTION 132(a),**
**2. TORTIOUS DISCHARGE IN
VIOLATION OF PUBLIC POLICY,
VIOLATION OF LABOR CODE
SECTION 6310,**
**3. FAILURE TO PAY WAGES**
**4. WAITING TIME PENALTIES;**
**DEMAND FOR JURY TRIAL**

    COMES NOW Plaintiff BARBARA HITT and complains against

Defendants and each of them, and for causes of action alleges:

///

///

1

## GENERAL ALLEGATIONS

## ALLEGING JURISDICTION AND VENUE

1.      Plaintiff is informed and believes and thereupon alleges that at all pertinent times mentioned in this complaint, Defendant, THE HOME DEPOT ("HOME DEPOT") was a Delaware corporation, qualified to do business in the State of California and doing business in the County of Santa Clara.

2.      Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GEORGE DAVIDSON was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Manager, and at all times herein mentioned was acting within the course and scope of his employment.

3.      Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned Defendant GINNY BURNS was an individual who resided in the County of Santa Clara, State of California, was in a supervisory capacity as to Plaintiff, was a managing agent with the title of Human Resources Representative, and at all times herein mentioned was acting within the course and scope of her employment.

4.      The acts alleged herein occurred in the County of Santa Clara, State of California.

2

5.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 50, Inclusive.  Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and herein alleges that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

6.      At all times herein mentioned and unless otherwise stated, each Defendant was a managing agent of Defendants and each of them was the agent and/or employee of each and every co-Defendant, and in the performing the things, acts or omissions, hereinafter more fully alleged, was acting within the scope, course and authority of said agency and/or employment.

7.      Each Defendant herein ratified, authorized, knew about or should have known about, and/or condoned the acts of each and every other Defendant.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.      Defendant HOME DEPOT employed Plaintiff on or about April 28, 2001 until on or about November 6, 2005.

9.      Throughout most of her employment with HOME DEPOT, Plaintiff had the job title of "sales associate;" however she also had the role of safety coordinator for the store.  This position is also known as "secret squirrel."

3

1    10.    Plaintiff has always performed her job in a satisfactory

2  manner and has received periodic raises.  Plaintiff was initially paid at the rate

3  of $10.00 per hour.  Plaintiff received a series of raises during her tenure, and

4  was earning $18.97 per hour at her termination.

5    11.    Home Depot employees had the option of participating in

6  community service projects throughout the year.  Defendant GEORGE

7  DAVIDSON required Plaintiff to volunteer for unpaid community service work

8  in order to impress his supervisors.  Plaintiff was required to do community

9  service work approximately five times for eight hours, for a total of forty hours.

10    12.    Defendant HOME DEPOT did not pay Plaintiff for the forty

11  hours of employer required community service.

12    13.    Throughout Plaintiff's employment, Defendant HOME

13  DEPOT also required Plaintiff to take phone calls outside her schedule hours

14  regarding safety related issues.  Prior to Plaintiff's transfer to the Blossom Hill

15  store, she was compensated two hours pay each time she received one of these

16  calls.  However, she was not paid for these phone calls during her time at the

17  Blossom Hill store.  Plaintiff received approximately three phone calls per week

18  for approximately a year, totaling one hundred fifty six hours of unpaid work.

19    14.    On or about October 2, 2004, one of Defendant HOME

20  DEPOT's employees falsified a report claiming the store had conducted a fire

21

22

1  drill when in fact they had not.  Plaintiff reported this to District Safety

2  Manager, Christy Blue.

3      15.    Plaintiff was reprimanded by Defendant GEORGE

4  DAVIDSON for reporting this safety issue.  Defendant DAVIDSON also forbid

5  her from reporting outside the store to OSHA.

6      16.    On or about August 25, 2005, Plaintiff, while in the process

7  of performing her safety coordinator duties, was injured on the job when she

8  suffered a chemical burn from a misplaced and unlabeled bucket containing a

9  prohibited mixture of chemicals.

10     17.    Due to the chemical burn, Plaintiff was off work for

11 approximately a week and a half, until approximately September 5, 2005.

12     18.    When Plaintiff returned to work on or about September 5,

13 2005, she found that the bleach bucket still had not been properly disposed of.

14 She reported the incident to 3E Company, a health and safety compliance

15 organization.

16     19.    Defendant GEORGE DAVIDSON and other managers

17 discouraged and pressured Plaintiff from reporting her injuries because they

18 would get bonuses if there were no injuries on the job.

19     20.    Defendant GEORGE DAVIDSON was visibly angry that

20 Plaintiff reported the accident incident to 3E.  On or about September 5, 2005,

21 the day upon Plaintiff's return to employment, Plaintiff was demoted back to a

22

1  sales associate position and removed from the safety coordinator position

2  because she reported the safety violations.

3        21.      On or about October 25, 2005, Plaintiff suffered an

4  industrial injury resulting in namely a torn rotator cuff.

5        22.      On or about October 25, 2005, Plaintiff attempted to make

6  an "incident report" but Defendant GEORGE DAVIDSON reacted so angrily by

7  threatening Plaintiff with reprimand that Plaintiff agreed she would not go to

8  the doctor or file a report.

9        23.      Plaintiff was still upset and experiencing pain from the torn

10 rotator cuff.  The interim store manager, Kirsten Roben, told Plaintiff to take a

11 few days off to recover.

12       24.      On or about November 6, 2005, Plaintiff did not report to

13 work because she believed she was authorized by Kirsten Roben to take the

14 vacations days.

15       25.      On or about November 6, 2005, Defendant GINNY BURNS

16 said that Ms. Roben did not have the authority to authorize Plaintiff's vacation

17 days.  Then, Defendant GINNY BURNS terminated Plaintiff for job

18 abandonment.  This termination was pretextual and the actual reason Plaintiff

19 was terminated was because she reported the company for safety violations

20 and for filing a workers compensation claim.

21

22

1    26.    Plaintiff repeatedly received positive performance evaluations

2  until reporting to the regional safety director that HOME DEPOT had not

3  conducted the fire drill on or about October 2, 2004.

4
### FIRST CAUSE OF ACTION
5
### [TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY]
6
### (Violation of Labor Code Section 132(a))
7

8    As a first, separate and distinct cause of action, Plaintiff complains

9  against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

10  cause of action alleges:

11    27.    Plaintiff hereby incorporates by reference Paragraphs 1

12  through 25 of the Complaint as if fully set forth herein.

13    28.    Labor Code Section 132(a) states that it is against the public

14  policy of the State of California to terminate an employee for filing a worker's

15  compensation claim or making known his or her intention to file a claim for

16  worker's compensation.

17    29.    After Plaintiff made known her intention to file a claim for

18  industrial injuries occurring on or about October 25, 2005, Defendants

19  discouraged and threatened her from going to the doctor or filing a claim.

20    30.    Defendants then terminated Plaintiff's employment on

21  November 6, 2005, in violation of public policy.

22

7

31.     As a direct and proximate result of the conduct of these Defendants, and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits, and other special and general damages, all in an amount to be proven at trial.

32.     In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294

## SECOND CAUSE OF ACTION

## TORTIOUS DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (Violation of Labor Code Section 6310)

As a second, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

33.     Plaintiff hereby incorporates by reference Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

34.     Labor Code §6310 states that "no person shall discharge or in any manner discriminate against any employee because the employee has .

8

1    done any of the following: (1) Made any oral or written complaint to the

2    division, other governmental agencies having statutory responsibility for or

3    assisting the division with reference to employee safety or health, his or her

4    employer, or his or her representative.

5        35.    Labor Code §6310 further provides that "any employee who

6    is...demoted...or in any other manner discriminated against in the terms and

7    conditions of employment by his or her employer because the employee has

8    made a bona fide oral or written complaint to the division, other governmental

9    agencies having statutory responsibility for or assisting the division with

10   reference to employee safety or health, his or her employer, or his or her

11   representative, of unsafe working conditions, or work practices, in his or her

12   employment or place of employment...shall be entitled to reinstatement and

13   reimbursement for lost wages and work benefits caused by the acts of the

14   employer.

15       36.    Defendants discriminated against Plaintiff by demoting her

16   after she complained about the unsafe working condition of the hazardous

17   bleach bucket and the prior falsified fire drill.

18       37.    As a direct and proximate result of the conduct of these

19   Defendants, and each of them, Plaintiff has suffered emotional anguish and

20   distress, loss of income and benefits, and other special and general damages,

21   all in an amount to be proven at trial.

22

9

38.     In doing the things herein alleged, the conduct of these Defendants, and each of them, was despicable and these Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of these Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code §3294.

## THIRD CAUSE OF ACTION

### [UNPAID WAGES]

As a third, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

39.     Plaintiff hereby incorporates by reference Paragraphs 1 through 37 above as though set forth fully herein.

40.     Labor Code Section 201 provides, in part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

41.     Upon termination, Defendants and each of them owed and continue to owe Plaintiff wages in the amount of 196 hours times $18.97/hour for a total of $3718.12 for unpaid required volunteer work and unpaid business related phone calls.

10

1
## FOURTH CAUSE OF ACTION

2
### [WAITING TIME PENALTIES]

3 As a fourth, separate and distinct cause of action, Plaintiff complains against

4 all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of

5 action alleges:

6     42.    Plaintiff hereby incorporates by reference Paragraphs 1

7 through 40 above as though set forth fully herein.

8     43.    Labor Code Section 203 provides: "If an employer willfully

9 fails to pay, without abatement or reduction, in accordance with Sections 201,

10 201.5, 202, and 205.5, any wages of an employee who is discharged or who

11 quits, the wages of the employee shall continue as a penalty from the due date

12 thereof at the same rate until paid or until an action therefore is commenced;

13 but the wages shall not continue for more than 30 days."

14     44.    Because Defendants and each of them owed and continue to

15 owe Plaintiff wages upon termination, Plaintiff is eligible to waiting time

16 penalties in the amount of $6,070.40.

17     Wherefore, Plaintiff prays for relief as set forth below.

18
### PRAYER

19     WHEREFORE, Plaintiff prays for judgment against Defendants, and

20 each of them, as follows:

21

22

11

1.      For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2.      For wages and penalties pursuant to Labor Code Section 201 and 203;

3.      For a money judgment for mental pain and anguish and emotional distress, according to proof;

4.      For an award of exemplary and punitive damages, according to proof;

5.      For costs of suit and attorney's fees;

6.      For pre-judgment and post-judgment interest; and

7.      For such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all of the issues.

Dated: 5/24, 2007

HINKLE, JACHIMOWICZ, POINTER & EMANUEL

GERALD A. EMANUEL
JACQUETTA M. LANNAN
Attorneys for Plaintiff
BARBARA HITT

12

# EXHIBIT B