PAYNE & FEARS LLP
Attorneys at Law
Andrew J. Jaramillo, Bar No. 198303
Steven K. Ganotis, Bar No. 234252
One Embarcadero Center, Suite 2300
San Francisco, California 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

ENDORSED
2007 JUL -3 P 1:10
DEPUTY A. FLORESCA

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as "THE HOME DEPOT")

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

BARBARA HITT,

Plaintiff,

v.

THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50,

Defendants.

CASE NO. 107CV-086760

**DEFENDANT HOME DEPOT U.S.A. INC.'S ANSWER TO COMPLAINT**

Date Action Filed: May 29, 2007
Trial Date: None

ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## I.

## GENERAL AND SPECIFIC DENIALS

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") denies, generally and specifically, each and every allegation contained in the Complaint for Damages filed by Plaintiff Barbara Hitt ("Plaintiff"). Home Depot further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or on the part of any agent or employee of Defendant.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure To State A Cause of Action)

1. The Complaint and each cause of action purportedly contained therein fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Legitimate, Non-discriminatory Business Reason)

2. Plaintiff's causes of action are barred, in whole or in part, because each employment action of which Plaintiff complains, if it occurred, was taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

### THIRD AFFIRMATIVE DEFENSE

(At-Will Employment)

3. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's employment was for no specific term and therefore terminable at will pursuant to Labor Code section 2922.

### FOURTH AFFIRMATIVE DEFENSE

(Good Faith Belief)

4. Plaintiff's causes of action are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the

facts as Defendant understood them.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure To Exercise Reasonable Skill)

5. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to exercise a reasonable degree of skill in performing employment services for Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Bad Faith and Frivolous Action)

6. The Complaint, and each alleged cause of action contained therein, was brought by Plaintiff in bad faith and is frivolous and by reason of the conduct stated herein, Defendant is entitled to, and will seek, reasonable expenses, including attorney's fees, incurred in defending this action pursuant to California Civil Procedure Code Section 128.5.

**SEVENTH AFFIRMATIVE DEFENSE**

(Failure To Perform and Use Ordinary Care)

7. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff failed to perform the services which Plaintiff agreed to perform for her employer and did not use ordinary care and diligence in carrying out those services for her employer.

**EIGHTH AFFIRMATIVE DEFENSE**

(Statutes of Limitation)

8. Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure section 335.1, section

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

337, subdivision (1), section 338, subdivision (a) and/or (d), section 339, subdivision (1), section 340, subdivision (c), and/or section 343; and California Labor Code section 203.

**NINTH AFFIRMATIVE DEFENSE**

(Failure To Mitigate Damages)

9. Plaintiff has failed to mitigate any damages allegedly caused to her by the acts in which Defendant allegedly engaged.

**TENTH AFFIRMATIVE DEFENSE**

(No Tort Damages)

10. The Complaint, and each cause of action alleged therein, fails to allege sufficient facts to allow an award of tort damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Laches)

11. The doctrine of laches bars Plaintiff from asserting any claim for equitable relief or recovering under any of the alleged causes of action.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

12. Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

13. Plaintiff's causes of action are barred, in whole or in part, because Plaintiff's course of conduct while in the employ of Defendant constituted a waiver of the claims asserted in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Consent)

14. Plaintiff's causes of action are barred, in whole or in part, because they rely upon allegations that are contrary to the explicit consent given by Plaintiff to the actions taken.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Lack of Proximate Cause)

15. Plaintiff's prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations or omissions of any Defendant or its agents.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Facts Alleged Insufficient To Support Claim for Punitive Damages)

16. Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that any Defendant engaged in oppressive, fraudulent or malicious conduct.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages Not Recoverable Against Corporate Defendant)

17. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint to the extent that the alleged acts were not committed by an officer, director or managing agent, nor were they authorized or ratified by an officer, director or managing agent, nor did defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights or safety of others.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Causation by Plaintiff)

18. Plaintiff's causes of action are barred, in whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by any Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Failure to Utilize Policy)

19. Plaintiff's causes of action are barred, in whole or in part, because Defendant, at all relevant times, exercised reasonable care to prevent and correct any harassing or discriminatory behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

**TWENTIETH AFFIRMATIVE DEFENSE**

(Exclusivity of Workers' Compensation Act)

20. Plaintiff's causes of action are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code section 3600 et seq.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Managerial Privilege)

21. Plaintiff's causes of action are barred, in whole or in part, based on the doctrine of managerial privilege or managerial immunity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Estoppel)

22. Plaintiff is estopped, by reason of her conduct and actions, from asserting each and any of her alleged claims herein.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Uncertainty)

23. Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(No Penalties or Liquidated Damages)

24. Each claim for penalties or liquidated damages contained within the

ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

Complaint is barred on the grounds that the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code. Consequently, Plaintiff is not entitled to penalties or liquidated damages, and the amounts of wages claimed by Plaintiff should be reduced accordingly.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff;
2. That the Complaint herein be dismissed in its entirety with prejudice;
3. That Defendant be awarded its costs of suit herein;
4. That Defendant be awarded reasonable attorneys' fees as determined by the Court; and
5. For such other and further relief as the Court may deem just and proper.

DATED: July 3, 2007

PAYNE & FEARS LLP

By: ______________________
ANDREW J. JARAMILLO
STEVEN K. GANOTIS

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as "THE HOME DEPOT")

361209.1

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# PROOF OF SERVICE

Barbara Hitt v. The Home Depot

ENDORSED
2007 JUL -3 P 1:10
A. FLORES

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 3, 2007, I served the following document(s) described as ANSWER TO COMPLAINT on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel
Jacquetta M. Lannon
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128

Attorneys For Plaintiff Barbara Hitt

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 3, 2007, at San Francisco, California.

DEBORAH L. HOPKINS

ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# PROOF OF SERVICE

Barbara Hitt v. The Home Depot et al.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 5, 2007, I served the following document(s) described as PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(b) on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel
Jacquetta M. Lannan
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95126

Attorneys For Plaintiff

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 5, 2007, at San Francisco, California.

DEBORAH L. HOPKINS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been assigned for all purposes to the Magistrate Judge whose initials appear following your case number.

In accordance with Title 28 U.S.C. 636( c ), with written consent of all parties, this magistrate judge shall conduct any and all proceedings in this case, including a jury or non-jury trial and entry of final judgment. An appeal from a judgment entered by magistrate judge may be taken directly to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court. You may, however, without adverse consequences, decline to consent to the assignment of the magistrate judge for all purposes. Both a consent form and a declination form have been provided to you. Please complete the form that corresponds to your choice and promptly return to the Court.

In the event that you decline the assignment of the magistrate judge for all purposes, in accordance with Title 28 U.S.C. 636 (b)(1)(a) and General Order 44, that magistrate judge nevertheless has been designated to and will hear and determine pretrial matters not dispositive of a claim or defense.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rule of Civil Procedure 4 and 5.

FOR THE COURT;
RICHARD W. WIEKING, CLERK

By [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).
_______________________________/

No. C

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: ______________________

______________________________
Signature

Counsel for ____________________
(Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Plaintiff(s),

v.

Defendant(s).
_______________________________/

No. C

**DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: ___________________________

Signature_______________________________

Counsel for ____________________________
(Plaintiff, Defendant, or indicate "pro se")

# EXHIBIT C

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) ________________________________________

as (B) ____________________ of (C) ____________________

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Northern District of California

and has been assigned docket number (E) ____________________.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service In order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ________ days after the date designated below as the date on which this Notice and Request Is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, It will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days f rom that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time Indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request Is being sent to you on behalf of the plaintiff, this _____ day of _____________, ______.

______________________________

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of Individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of Individual to corporate defendant
C - Name of corporate defendant, If any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days If located In foreign country) In which to return waiver

# EXHIBIT D

OFFICE OF THE CLERK
RICHARD W. WIEKING
CLERK

280 SOUTH FIRST STREET
SAN JOSE, CA. 95113
408-535-536

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## Welcome to the United States District Court for the Northern District of California, Clerk's Office, San Jose Division

In addition to the Local Rules, the following guidelines have been provided to ensure that the filing process is accomplished with ease and accuracy. Please help us to assist in making your visit to the U.S. District Court Clerk's Office productive and worthwhile.

1. When submitting a Proof of Service that is not attached to the back of a document, you must attach a cover sheet showing case caption and number in accordance with the Local Rules.

2. Appropriate sized self-addressed envelopes are to be included with proposed orders or when filing documents by mail.

3. In order to facilitate the file stamping process, original documents should be submitted on top of their copies. In other words, group like or corresponding documents together.

4. This office will **retain the ORIGINAL plus ONE COPY of most documents** submitted. We will conform as many copies as you bring (***within reason***) for your use.

5. The copies retained go directly to the assigned judge or magistrate judge. ***Courtesy copies, or instructions for couriers to delivery a copy directly to chambers are inappropriate unless you have been instructed to do so by court order.***

6. The document caption should include the appropriate judge or magistrate judge who is involved in that particular matter or before whom an appearance is being made.

7. The case number must include the initials of the judge and magistrate judge as well as the initials designating the case to Early Neutral Evaluation (ENE) or Arbitration (ARB).

8. The case number must include whether it is a civil or criminal matter by the inclusion of a **"C"** or **"CR"** at the beginning of the number.

9. Documents must be **stapled and/or ACCO fastened** at the top. **NO BINDER CLIPS OR RUBBER BANDS PLEASE.**

10. Two holes-punched at the top of bulky or thick documents at the top of pages will facilitate processing.

# Northern District of California San Jose Division
# Criminal and Civil Law and Motion/trial/settlement/case Management/dismissal Hearing Schedules

## FOGEL (JF) - COURTROOM #3, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Wednesday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Friday | @ 11:00 A.M. & (10) days before Trial |
| Trial: Jury Selection: | Friday | @ 1:30 P.M. |

### LLOYD (HRL) - COURTROOM #2, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesdays | @ 10:00 A.M. |
| Criminal: | Thursdays | @ 9:30 A.M. |
| CMC: | Tuesdays | @ 1:30 P.M. |
| Pretrial: | Tuesday | @ 1:30 P.M. |

### TRUMBULL (PVT) - COURTROOM #5, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Tuesday | @ 10:00 A.M. |
| Criminal: | Thursday | @ 9:30 A.M. & 2:00 P.M. |
| Stat/CMC: | Tuesday | @ 2:00 P.M. |
| Pretrial: | Tuesday | @ 2:00 P.M. |
| Trial: | Monday | @ 9:30 A.M. |

### WARE (JW) - COURTROOM #8, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Monday | @ 9:00 A.M. |
| Criminal: | Monday | @ 1:30 P.M. |
| CMC: | Monday | @ 10:00 A.M. |
| Criminal Pretrial: | Monday | @ 1:30 P.M. |
| Civil Pretrial: | Monday | @ 3:00pm & two weeks before Trial |
| Trial: Jury Selection: | Tuesday | @ 9:00 A.M. |
| Testimony: | Tuesday/ Wednesday/Thursday/Friday | |

### SEEBORG (RS) - COURTROOM #4, 5TH FLOOR

| | | |
|---|---|---|
| Civil: | Wednesday | @ 9:30 A.M. |
| Criminal: | Thursday | @ 9:30A.M. |
| CMC: | Wednesday | @ 2:30 P.M. |
| Pretrial: | Wednesday | @ 1:30 P.M. |
| Trial: | Monday | @ 9:00A.M. |

### WHYTE (RMW) - COURTROOM #6, 4TH FLOOR

| | | |
|---|---|---|
| Civil: | Friday | @ 9:00 A.M. |
| Criminal: | Monday | @ 9:00 A.M. |
| CMC: | Friday | @ 10:30 A.M. |
| Pretrial: | Thursday | @ 2:00 P.M. and 20 days before Trial |
| Trial: | Monday | @ 1:30 P.M. |

Rev: 3/13/01:tg
Updated: 08/08/02
Updated:4/22/04:bjw
Updated 11/29/05bjw

# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL FILED 07 JUL -5 AM 10:58 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

BARBARA HITT,

Plaintiff (s),

v.

THE HOME DEPOT,

Defendant(s).

No. C 07-03485 HRL

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Howard R. Lloyd. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|---|---|---|
| 7/5/2007 | Notice of removal filed | |
| 9/18/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 10/2/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 10/9/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 5th Floor SJ at 1:30 PM | Civil L.R. 16-10 |

# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

**STANDING ORDER RE: INITIAL CASE MANAGEMENT AND DISCOVERY DISPUTES**

1. In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2. The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

3. Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4. A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5. Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6. Discovery motions may be addressed to the Court in three ways. First, a motion may be noticed on not less than 35 days' notice pursuant to Civil L.R. 7-2. Second, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. Finally, in emergencies during discovery events (such as depositions), any party may contact the Court to ask if the Judge is available to address the problem pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed.R.Civ.P. 37 and Civil L.R. 37-1(a). The parties are discouraged from attaching letters

between counsel as exhibits to discovery motions.

7.   Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P 4 and 5.  Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-6.

IT IS SO ORDERED.

Dated: August 22, 2002
        Amended February 26, 2007

                          HOWARD R. LLOYD
                          United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.     Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.     Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.     Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.     Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.     Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# EXHIBIT G

C 07 3485

HRL

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ 1) **Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ 2) **Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ 3) **Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ 4) Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number**, **judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

# PROOF OF SERVICE

Barbara Hitt v. The Home Depot

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is .

On July 5, 2007July 3, 2007, I served the following document(s) described as NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Gerald A. Emanuel
Jacquetta M. Lannon
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA 95128

Attorneys For Plaintiff Barbara Hitt

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at San Francisco, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2007, at San Francisco, California.

Deborah L Hopkins

DEBORAH L. HOPKINS

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860