ANDREW J. JARAMILLO, Bar No. 198303
STEVEN K. GANOTIS, Bar No. 234252
ajj@paynefears.com
skg@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
HOME DEPOT U.S.A., INC.(erroneously sued as THE HOME DEPOT)

GERALD A. EMANUEL, Bar No. 61049
JACQUETTA M. LANNA, Bar No. 247811
jlannan@hinklelaw.com
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HITT,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50,<br><br>Defendants. | CASE NO. C 07-03485 HRL<br><br>(Santa Clara County Superior Court Case No. 107CV-086760)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Conference**:<br>Date: October 9, 2007<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 2, Fifth Floor SJ<br>Judge: Magistrate Judge Harold R. Lloyd |

Pursuant to Civil L.R. 16-9, Plaintiff Barbara Hitt ("Hitt") and Defendant Home Depot U.S.A., Inc. ("Home Depot") submit the following Joint Case Management Statement.

1.   <u>Jurisdiction and Service</u>.  This Court has jurisdiction over this action because complete diversity exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).  Defendant Home Depot is a Delaware corporation with its principal places of business in Atlanta, Georgia.  Individually named defendants George Davidson and Virginia Burn (erroneously sued as "Ginny Lnu" and referred to in the body of Plaintiff's complaint as "Ginny Burns") are "sham" defendants.  Home Depot is informed and believes that Plaintiff Barbara Hitt (hereinafter "Plaintiff") resides in the State of California.  There are no parties that remain to be served.

2.   <u>Facts</u>.  Plaintiff Barbara Hitt is a former employee of Home Depot who was employed by the company from 2001 until her termination in 2005.  In addition to working as a sales associate for the company, Hitt also served as the store safety coordinator.  Hitt was terminated in October 2005 for failing to return from a leave of absence.  Hitt claims that she was actually terminated as retaliation for (1) reporting workplace safety violations and/or (2) filing a workers' compensation claim for a workplace injury.  Hitt separately alleges that she was frequently called at home while she worked for the company to discuss issues related to her safety coordinator position, but was not paid for any of this time, which she estimates added up to approximately 150 hours.  Accordingly, Hitt has brought claims for failure to pay wages and waiting time penalties.  The key factual issues in dispute are: (1) whether Hitt's termination was an act of retaliation for reporting workplace safety violations; (2) whether Hitt's termination was an act of retaliation for filing a workers' compensation claim; (3) whether Hitt was required to work off-the-clock without receiving payment.

3.   <u>Legal Issues</u>.  Hitt asserts four causes of action: (1) Tortious Discharge in Violation of Public Policy (Labor Code Section 132(a)); (2) Tortious Discharge in Violation of Public Policy (Labor Code Section 6310); (3) Failure to Pay Wages; and (4) Waiting Time Penalties pursuant to Labor Code Section 203.

Hitt's first two causes of action are subject to the same analysis. To maintain a wrongful termination claim, Hitt must first establish a prima facie case by showing that (1) she engaged in a protected activity; (2) she was subjected to an adverse employment action; and (3) there is a causal link between the protected activity and the defendant's action. Home Depot must then articulate a legitimate, nonretaliatory reason for their actions, after which the burden shifts back to Hitt to produce "substantial responsive evidence" that Home Depot's stated reason was pretextual. *Sada v. Robert F. Kennedy Medical Center*, 56 Cal. App. 4th 138, 155-156, 65 Cal. Rptr. 2d 112, 123 (1997).

Hitt's third and fourth causes of action are both derivative of her claim that she was not paid for time that she claims that she was required to work "off the clock." California Labor Code Section 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Hitt's third cause of action claims that Section 201 was violated because Home Depot failed to compensate her for approximately 196 hours of off-the-clock work, including phone calls to her home to discuss work-related issues and unpaid volunteer time that was required by her store manager. Hitt's fourth cause of action seeks waiting time penalties pursuant to California Labor Code section 203 for the allegedly unpaid wages set forth in her third cause of action.

4. <u>Motions</u>. There are no prior or pending motions in this matter. The only anticipated motion at this time is a motion for summary judgment or partial summary judgment, which Defendant expects to file following the completion of necessary discovery. While no other motions are currently anticipated, both parties reserve the right to file any motions that may be necessary as this litigation progresses.

5. <u>Amendment of Pleadings</u>. At this time, the parties do not anticipate amending the pleadings. The parties propose a deadline of March 14, 2008, for amending the pleadings.

6. <u>Evidence Preservation</u>. The parties represent that reasonable steps have been taken to preserve evidence relevant to the issues in this case, including but not limited to the storage of materials pertinent to this matter to prevent their loss or destruction. The parties represent, on their own behalves, that they are currently unaware of the loss of any evidence that is relevant to this matter and that any loss of evidence to date has been unintentional.

7. <u>Disclosures</u>. The parties agree that no changes should be made to the timing, form or requirement for disclosures under FRCP 26(a). The parties will comply with the Court's order setting a date of October 2, 2007, for the exchange of initial disclosures.

8. <u>Discovery</u>. The parties have not taken any discovery to date. In addition the exchange of initial disclosures, the parties anticipate completing written discovery, document productions, and any necessary depositions.

Discovery may be needed on the following subjects: (1) Hitt's performance and any disciplinary action taken against her during her employment with Home Depot; (2) any complaints or safety violations that Hitt reported to Home Depot; (3) any injuries and/or workers' compensations claims that occurred arising out of Hitt's employment with Home Depot; (4) the reasons for Hitt's termination; (5) the allegations set forth in Hitt's Complaint and Home Depot's defenses; and (6) liability and damages.

All discovery commenced in time should be completed by March 14, 2008. The parties agree that discovery should not be conducted in phases and should not be limited or focused upon any particular issue. The parties agree that no changes should be made in the limitations on discovery imposed by the FRCP, with the exception of FRCP 30. The parties stipulate that the provisions of FRCP 30(d)(2), which limit the length of a deposition to one day of seven hours, will not apply to the depositions of Hitt if additional time is reasonably necessary to complete her

deposition. The parties agree to allow 3 days of Hitt's deposition to be taken, or 21 total hours of deposition based upon a seven-hour day.

9. <u>Class Actions</u>. This is not a class action.

10. <u>Related Cases</u>. There are no related cases of which the parties are aware.

11. <u>Relief</u>. Hitt seeks damages for lost wages, earnings, retirement benefits and other employment benefits, wages and penalties pursuant to California Labor Code sections 201 and 203, and mental pain and anguish and emotional distress. Hitt also seeks punitive damages, costs and attorney's fees. Home Depot has not filed a counterclaim.

12. <u>Settlement and ADR</u>. The parties have complied with ADR L.R. 3-5 and intend to pursue private mediation following the completion of necessary discovery, including depositions of key witnesses, exchange of documents, and written discovery.

13. <u>Consent to Magistrate Judge for All Purposes</u>. The parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. The parties have filed the appropriate documents indicating their consent.

14. <u>Other References</u>. The parties do not believe that this matter is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>. The parties are presently unaware of any issues that can be narrowed by agreement or by motion. The parties agree that they will reconsider whether any such narrowing is possible after discovery has commenced.

16. **Expedited Schedule.** The parties agree that this is not the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>. The parties propose the following dates:

> Discovery Cutoff: March 14, 2008
> Motion Cutoff: April 29, 2008
> Expert Designation: May 23, 2008
> Final Pre-trial Conference: June 24, 2008
> Trial: July 29, 2008

18. <u>Trial</u>. Jury trial. The parties anticipate that the trial will last 3-5 days.

19. <u>Disclosure of Non-party Interested Entities or Person</u>. Both parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Hitt indicated that there were no non-party interests to report. Home Depot listed Home Depot, Inc., the parent corporation of Home Depot U.S.A., Inc., as a non-party interested entity.

20. <u>Other Issues</u>. The parties are not presently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | DATED: October 1, 2007 | PAYNE & FEARS LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | ANDREW J. JARAMILLO<br>STEVEN K. GANOTIS |
| 5 | | Attorneys for Defendant |
| 6 | | HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT) |
| 9 | DATED: September ____, 2007 | HINKLE, JACHIMOWICZ, POINTER & EMANUEL |
| 11 | | By: _____ |
| 12 | | GERALD A. EMANUEL<br>JACQUETTA M. LANNAN |
| 13 | | Attorneys for Plaintiff<br>BARBARA HITT |

370566.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

JOINT CASE MANAGEMENT STATEMENT                Case No. C 07-03485 HRL

DATED: July 5, 2007

PAYNE & FEARS LLP

By: _____
    ANDREW J. JARAMILLO
    STEVEN K. GANOTIS

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT)

DATED: September 30, 2007

HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By: _____
    GERALD A. EMANUEL
    JACQUETTA M. LANNAN

Attorneys for Plaintiff
BARBARA HITT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

7
JOINT CASE MANAGEMENT STATEMENT    Case No. C 07-03485 HRL