ANDREW J. JARAMILLO, Bar No. 198303
STEVEN K. GANOTIS, Bar No. 234252
ajj@paynefears.com
skg@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
HOME DEPOT U.S.A., INC.(erroneously sued as THE HOME DEPOT)

GERALD A. EMANUEL, Bar No. 61049
JACQUETTA M. LANNA, Bar No. 247811
jlannan@hinklelaw.com
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HITT,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HOME DEPOT, a Corporation, GEORGE DAVIDSON, an individual, GINNY LNU, and DOES 1-50,<br><br>    Defendants. | CASE NO. C 07-03485 HRL<br><br>(Santa Clara County Superior Court Case No. 107CV-086760)<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>**Conference**:<br>Date: October 9, 2007<br>Time: 1:30 p.m.<br>Courtroom: Courtroom 2, Fifth Floor SJ<br>Judge: Magistrate Judge Harold R. Lloyd |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), a conference was held on September 18, 2007, between Jacquetta Lannan for Plaintiff Barbara Hitt ("Hitt") and Steven Ganotis for defendant Home Depot U.S.A., Inc. ("Home Depot") (erroneously sued as "The Home Depot"). The parties jointly submit the following report:

1.  <u>Automatic Disclosures</u>.  The parties agree that no changes should be made to the timing, form or requirement for disclosures under FRCP 26(a).  The parties will comply with the Court's Order setting a date of October 2, 2007, for the exchange of initial disclosures.

2.  <u>Discovery Scope and Schedule</u>.  The parties have not completed any discovery to date.  In addition to the exchange of initial disclosures, the parties anticipate completing written discovery, document productions, and any necessary depositions.

Discovery may be needed on the following subjects: (1) Hitt's performance and any disciplinary action taken against her during her employment with Home Depot; (2) any complaints or safety violations that Hitt reported to Home Depot; (3) any injuries and/or workers' compensations claims that occurred arising out of Hitt's employment with Home Depot; (4) the reasons for Hitt's termination; (5) the allegations set forth in Hitt's Complaint and Home Depot's defenses; and (6) liability and damages.

All discovery commenced in time should be completed by March 14, 2008.

The parties agree that discovery should not be conducted in phases and should not be limited or focused upon any particular issue.

3.  <u>Electronic Information</u>.  The parties agree that electronically stored information that should be produced pursuant to Rule 26(a) and/or a proper discovery request, if any such information exists, will be produced in paper form, unless production in such form is not practicable, in which case the information will be produced in a manner agreeable to the parties.  The parties do not currently anticipate that issues related to electronically stored information will significantly affect this litigation.

4.  <u>Privilege Issues</u>.  The parties agree that no changes to the procedures regarding privileged information provided by the FRCP are required.

5.  <u>Changes Regarding Limitations on Discovery</u>.  The parties agree that no changes should be made in the limitations on discovery imposed by the FRCP, with the exception of FRCP 30.  The parties stipulate that the provisions of FRCP 30(d)(2), which limit the length of a deposition to one day of seven hours, will not apply to the depositions of Hitt if additional time is reasonably necessary to complete her deposition.  The parties agree to allow 3 days of Hitt's deposition to be taken, or 21 total hours of deposition based upon a seven-hour day.

6.  <u>Other Orders Under FRCP 26(c), FRCP 16(b), or FRCP 16(c)</u>.  The parties agree that no other orders should be entered by the Court under FRCP 26(c) or under FRCP 16(b) or (c).

DATED: October 1, 2007                PAYNE & FEARS LLP

                                      By: _____
                                          ANDREW J. JARAMILLO
                                          STEVEN K. GANOTIS

                                      Attorneys for Defendant
                                      HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT)

DATED: September ____, 2007           HINKLE, JACHIMOWICZ, POINTER & EMANUEL

                                      By: _____
                                          GERALD A. EMANUEL
                                          JACQUETTA M. LANNAN

                                      Attorneys for Plaintiff
                                      BARBARA HITT

370736.1

RULE 26(f) REPORT                                           Case No. C 07-03485 HRL

4. <u>Privilege Issues</u>. The parties agree that no changes to the procedures regarding privileged information provided by the FRCP are required.

5. <u>Changes Regarding Limitations on Discovery</u>. The parties agree that no changes should be made in the limitations on discovery imposed by the FRCP, with the exception of FRCP 30. The parties stipulate that the provisions of FRCP 30(d)(2), which limit the length of a deposition to one day of seven hours, will not apply to the depositions of Hitt if additional time is reasonably necessary to complete her deposition. The parties agree to allow 3 days of Hitt's deposition to be taken, or 21 total hours of deposition based upon a seven-hour day.

6. <u>Other Orders Under FRCP 26(c), FRCP 16(b), or FRCP 16(c)</u>. The parties agree that no other orders should be entered by the Court under FRCP 26(c) or under FRCP 16(b) or (c).

DATED: September ____, 2007        PAYNE & FEARS LLP

By: _____
ANDREW J. JARAMILLO
STEVEN K. GANOTIS

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT)

DATED: September 27, 2007        HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By: _____
GERALD A. EMANUEL
JACQUETTA M. LANNAN

Attorneys for Plaintiff
BARBARA HITT

RULE 26(f) REPORT                3                Case No. C 07-03485 HRL